IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ASR-8 CENTRE LP; | § | Case No. 14-30174 |
| | § | |
| FOUNTAINVIEW PLACE LP; | § | Case No. 14-30175 |
| | § | |
| ASR-PARKWAY ONE & TWO LP ASR; | § | Case No. 14-30176 |
| | § | |
| DEBTORS. | § | Chapter 11 |

**DEBTORS' EMERGENCY MOTION PURSUANT TO
RULE 1015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
<u>REQUESTING JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

THE DEBTORS HAVE REQUESTED THAT THIS MOTION BE CONSIDERED AT THE DEBTORS' FIRST DAY HEARINGS.

ASR-8 Centre LP, ASR-Parkway One & Two LP, and ASR-Fountainview Place, LP, the above-captioned debtors and debtors in possession (together, the "Debtors"), by and through their undersigned proposed attorneys, hereby file this motion (the "Motion"), for an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting joint administration of their chapter 11 cases. In support of this Motion, the Debtors respectfully represent as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this Motion is Bankruptcy Rule 1015(b).

## II. BACKGROUND

2. On January 6, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors in possession. No trustees or examiners have been appointed in these cases.

## III. RELIEF REQUESTED

3. Pursuant to Bankruptcy Rule 1015(b), the Debtors seek joint administration of their chapter 11 cases and implementation of the following procedures:

    (a) One docket shall be maintained for the Debtors' cases under the case number assigned to ASR-8 Centre LP.

    (b) The caption of the cases shall be modified to reflect their joint administration as follows:

| | | |
|---|---|---|
| **IN RE:** § | | **Chapter 11** |
| § | | |
| **ASR-8 CENTRE, *et al.*,**[1] § | | **Case No. 14-30174** |
| § | | |
| § | | |
| **DEBTORS.** § | | **(Jointly Administered)** |

(c) A notation substantially similar to the following notation shall be entered on the docket for all other Debtors to reflect that each of the Debtors' chapter 11 cases shall be jointly administered under the ASR-8 Centre LP chapter 11 case:

> An order has been entered in this case directing joint administration of this case solely for procedural purposes with the chapter 11 bankruptcy case of ASR-8 Centre LP, Case No. 14-30174. The docket for ASR-8 Centre LP should be consulted for all matters affecting this case.

(d) The Office of the U.S. Trustee shall conduct joint informal meetings with the Debtors, as required, and a joint first meeting of creditors, if required.

(e) One plan and disclosure statement may be filed for all of these cases; however, substantive consolidation is not being requested at this time.

(f) Proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in whose case such claim is to be filed.

(g) A separate claims register shall be maintained for each Debtor.

(h) The Debtors shall be authorized to file the monthly operating reports required by the United States Trustee on a consolidated basis in a format acceptable to the U.S. Trustee.

## IV. BASIS FOR RELIEF

4. Bankruptcy Rule 1015(b) authorizes this Court to order the joint administration of the bankruptcy cases of a debtor and its affiliates. ASR-8 Centre LP is an "affiliate" of each

---

[1] The Debtors in these chapter 11 cases are: (1) ASR-8 Centre LP; (2) ASR-Parkway One & Two LP; and (3) ASR-Fountainview Place LP.

Debtor entity, as such term is defined in § 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested in this Motion.

5. The Debtors anticipate that, during the course of these cases, it will be necessary to file numerous motions and applications, as well as other pleadings and documents, seeking relief on behalf of all Debtors. The Debtors respectfully submit that joint administration of their chapter 11 cases is in the best interests of their estates, creditors, and other parties-in-interest and will further the interests of judicial economy and administrative expediency by, among other things, obviating the need to: (i) file duplicate motions, (ii) enter duplicate orders, and (iii) forward unnecessary, duplicate notices and other documents to creditors and other parties-in-interest, which actions would cause the Debtors' estates to incur unnecessary costs and expenses.

## V. NOTICE

6. Notice of this Motion has been or will be provided to (a) the Office of the United States Trustee for the Southern District of Texas, (b) all known or alleged secured creditors, (c) the 20 largest unsecured non-insider creditors of the Debtors, (d) all Debtor professionals, (e) the United States Attorney's Office for the Southern District of Texas, (f) the Internal Revenue Service, (g) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and (h) any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules. The Debtors submit that no further notice of this Motion is required.

-5-

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form filed herewith, granting the relief requested in this Motion, and such other and further relief as may be just and proper under the circumstances.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By: */s/ William A. (Trey) Wood, III*
William A. Wood, III
Texas Bar No. 21916050
Trey.Wood@bgllp.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (713) 221-1212

Lauren C. Kessler
Texas Bar No. 74024528
Lauren.Kessler@bgllp.com
1445 Ross Ave., Suite 3800
Dallas, Texas 75202
Telephone: (214) 468-3800
Facsimile: (214) 468-3888

**PROPOSED ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing motion has been (i) electronically served on the parties receiving notice via the court's ECF noticing system; and (ii) via regular U.S. First Class Mail on the parties listed in the attached Service List, on this 6th day of January 2014.

By: */s/ Lauren C. Kessler*
Lauren C. Kessler