IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| **ASR-8 CENTRE LP,** *et al.*[1] | § | Case No. 14-30174 |
| | § | |
| DEBTORS. | § | (*Jointly Administered*) |

APPLICATION TO RETAIN AND EMPLOY
THE CLARO GROUP LLC AS FINANCIAL ADVISOR FOR THE DEBTOR

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE DAVID R. JONES,
UNITED STATES BANKRUPTCY JUDGE:

ASR-8 Centre, LP, ASR-Fountainview Place LP, and ASR-Parkway One & Two, LP, debtors in possession (the "Debtors"), file this application to Retain and Employ The Claro Group LLC ("Claro") as Financial Advisor for the Debtors (the "Application"). In support of the Application, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases are: (1) ASR-8 Centre LP; (2) ASR-Fountainview Place LP; and (3) ASR-Parkway One & Two, LP.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## II. BACKGROUND

2. On January 6, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their property as a debtors in possession. No trustee or examiner has been appointed in this case.

3. The Court entered an Order Granting the Debtors' Motion for Joint Administration on January 8, 2014. [Docket No. 15].

## III. RELIEF REQUESTED

4. By this Application, the Debtors seek authority to employ and retain Claro as financial advisor to provide assistance to the Debtors with respect to the development of ongoing business and financial plans that will be necessary during these chapter 11 cases and fulfilling its financial and administrative obligations throughout these chapter 11 cases.

5. Pursuant to § 327 of the Bankruptcy Code, the Debtors request that the Court approve the employment of Claro according to the terms more fully set forth in the Engagement Letter dated on or around January 29, 2014 ("Engagement Letter").

6. The Debtors seek to retain Claro for the following reasons, among others:

(a) Claro has extensive experience and knowledge of financial planning and the overall restructuring process. Claro will provide financial advisory services to the

Debtors with respect to these chapter 11 cases that will be efficient and cost effective for the Debtors' estates;

(b) Claro is well qualified to advise and assist the Debtors with respect to their chapter 11 cases and reorganization;

(c) Claro has extensive experience and knowledge advising companies engaged in the assessment of capital structure alternatives and reorganization cases;

(d) The Debtors believe that the retention of Claro is in the best interests of the Debtors' estates.

7. The Debtors respectfully request that the Court approve the employment and retention of Claro as financial advisor to the Debtors on the matters identified below. Claro will render the professional services including, but not limited to:

(a) analyzing, structuring and negotiating any restructuring of the Debtors' outstanding indebtedness, including assessment of available recapitalization alternatives, negotiating with creditors and advising the Board of Directors;

(b) valuation of the Debtors in connection with a refinancing, restructuring, or sale pursuant to the Bankruptcy Code and acting as the exclusive financial advisor and investment banker of the Debtors;

(c) assistance in the analysis of the Debtors' assets and liabilities;

(d) assist in analysis of current and projected cash flows and liquidity;

(e) if applicable, assist in identifying, negotiating, and structuring any Debtor in Possession Financing ("DIP Financing") needed during the case;

(f) if applicable, assist in development of long term business plans and assessment of available recapitalization alternatives;

(g) providing such other services as discussed in the Engagement Letter.

8. Under section 327(a) of the Bankruptcy Code, the trustee or debtor in possession is authorized to employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, to represent or assist the debtor in possession in carrying out its duties under the Bankruptcy Code. *See* 11 U.S.C. §§ 101(14) and 327(a). Section 1107(b) of the

Bankruptcy Code modifies sections 101(14) and 327(a) in cases under Chapter 11 of the Bankruptcy Code, providing that a person is not disqualified for employment under section 327(a) of the Bankruptcy Code by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case. 11 U.S.C. § 1107(b).

9. To the best of the Debtors' knowledge, Claro does not have any connection with the Debtors, their creditors or any other party in interest, their respective attorneys, or the United States Trustee or any person employed by the United States Trustee, except as set forth in this Application or in the affidavit of Douglas J. Brickley (the "Affidavit") annexed to and incorporated in this Application as **Exhibit A**. Based on the Affidavit, the Debtors believe that Claro does not hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

10. Subject to Court approval, and in accordance with §330(a) of the Bankruptcy Code, compensation will be payable to Claro on an hourly basis, as set forth in the Engagement Letter, and as summarized below:

| POSITION | HOURLY RATE |
| --- | --- |
| Managing Directors | $450-550 |
| Directors | $325-440 |
| Managers/Sr. Managers/Sr. Advisors | $250-400 |
| Analysts/Consultants/Sr. Consultants | $150-295 |
| Admin | $90-135 |

-5-

11. Douglas J. Brickley will be the Debtors' principal contact at Claro and Mr. Brickley's rate is $495.00 per hour.  Claro will also seek reimbursement of all out-of-pocket expenses (including reasonable fees and expenses of its counsel, and the reasonable fees and expenses of any other independent expert retained by Claro).  Claro will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Claro's other clients and consistent with applicable Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted by the Executive Office for United States Trustees (the "<u>Guidelines</u>").  The Debtors submit that Claro's fee and expense provisions are reasonable terms and conditions of retention and should be approved under Bankruptcy Code § 328(a).

12. Claro has performed no services for and received no payments from the Debtors in the twelve months prior to the Petition Date.  No promises have been made or received by Claro, nor any nor associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.  Claro has no agreement with any other entity to share with such entity any compensation received by Claro in connection with these cases.

WHEREFORE, the Debtors respectfully request entry of an order granting this Application authorizing the Debtors to employ and retain Claro as financial advisor for the Debtors, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By: */s/ William A. (Trey) Wood, III*
    William A. Wood, III
    Texas Bar No. 21916050
    Trey.Wood@bgllp.com
    711 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone: (713) 223-2300
    Facsimile:  (713) 221-1212

    Lauren C. Kessler
    Texas Bar No. 74024528
    Lauren.Kessler@bgllp.com
    1445 Ross Ave., Suite 3800
    Dallas, Texas 75202
    Telephone:  (214) 468-3800
    Facsimile:   (214) 468-3888

**PROPOSED ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2014, a true and correct copy of the above and foregoing instrument has been served (i) electronically on the parties registered to receive notice through the court's ECF noticing system; and (ii) on the parties listed in the attached Service List by regular U.S. First Class Mail.

                */s/ Lauren C. Kessler*
                Lauren C. Kessler

#4453256.1