IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| **ASR-8 CENTRE LP**, *et al*.[1] | § | Case No. 14-30174 |
| | § | |
| DEBTORS. | § | (*Jointly Administered*) |

### MOTION TO (I) APPROVE REAL ESTATE CONTRACT; (II) FOR AUTHORITY TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363; AND (III) FOR AUTHORITY TO PAY CUSTOMARY CLOSING COSTS

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

ASR-8 Centre LP ("NW Spectrum") hereby files this Motion to (I) Approve Real Estate Contract; (II) For Authority to Sell Real Property Free and Clear of Liens, Claims, and Interests Pursuant to § 363; and (III) for Authority to Pay Customary Closing Costs ("Motion") and moves for an order approving NW Spectrum's proposed sale of a large portion of its real property in accordance with the real estate contract attached hereto as Exhibit A (the "Sale

---

[1] The Debtors in these chapter 11 cases are: (1) ASR-8 Centre LP; (2) ASR-Fountainview Place LP; and (3) ASR-Parkway One & Two, LP.

Contract") by and between NW Spectrum and RN Manufacturing Ltd. (the "Purchaser") and authorizing NW Spectrum to pay customary closing costs, including certain professional fees, in connection with the proposed sale. In support of this Motion, NW Spectrum states as follows:

### I.    JURISDICTION AND VENUE

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

### II.    BACKGROUND

2. On January 6, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their property as a debtors in possession. No trustee or examiner has been appointed in this case.

3. The Court entered an Order Granting the Debtors' Motion for Joint Administration on January 8, 2014. [Docket No. 15].

### III.    PROPOSED PROPERTY AND TERMS OF SALE

4. NW Spectrum owns real property located at 11755 W. Little York Road, Houston, Texas 77041 ("Property"). The Property consists of approximately 5.234 acres containing a retail center ("Retail Strip") and approximately 11.8626 acres of vacant, undeveloped land, which is adjacent to the Retail Strip ("Undeveloped Land").

5. The Property is encumbered by a lien held by NW Spectrum VPL, LLC ("Senior Lender"). As of the Petition Date, NW Spectrum owed obligations to the Senior Lender in the

amount of $4.8 million.[2]  Harris County, et al filed a proof of claim asserting a secured claim in the amount of $65,551.24 for ad valorem taxes.[3]  [Proof of Claim No. 2].  Cypress-Fairbanks ISD filed a proof of claim asserting a secured claim in the amount of $117,007.08 for ad valorem taxes.[4]  [Proof of Claim No. 1].

6. On March 3, 2014, the Senior Lender, along with Fountain View VPL, LLC and Parkway I & II VPL, LLC,[5] filed their Motion for an Order Terminating the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof ("Exclusivity Motion").  [Docket No. 74].

7. NW Spectrum has received an offer from the Purchaser to purchase the Undeveloped Land ("Proposed Sale").  Pursuant to the Sale Contract, the purchase price for the Undeveloped Land is $2,348,000 ("Purchase Price"), based on a rate of $4.54 per square foot of total area of the Property.  In addition, the Sale Contract provides that the Purchaser will deposit $20,000.00 as earnest money with Old Republic Title company as escrow agent, which will be credited to the Purchase Price upon closing of the Proposed Sale.  If the Purchaser terminates the Sale Contract for any reason within forty-five (45) days after the effective date ("Feasibility Period"), the earnest money will be returned to the Purchaser less $500.00.

8. The Sale Contract also provides that NW Spectrum will pay for and provide the Purchaser with an Owner's Policy of Title Insurance through Old Republic Title and a survey of the Undeveloped Land.  Closing will occur on or before the later of (i) fifteen (15) days after the

---

[2] This represents the total amount secured by both the Retail Strip and Undeveloped Property.

[3] NW Spectrum reserves all rights with respect to this asserted claim.  Based upon the supporting documents attached to the proof of claim, $5,447.57 of this claim is with respect to the Undeveloped Property and $27,328.05 is with respect to the Retail Strip.

[4] NW Spectrum reserves all rights with respect to this asserted claim.  Based upon the supporting documents attached to the proof of claim, $9,723.74 of this claim is with respect to the Undeveloped Property and $48,779.80 is with respect to the Retail Strip.

[5] Fountain View VPL, LLC and Parkway I & II VPL, LLC have liens on ASR-Fountainview Place LP's and ASR-Parkway One & Two LP's properties, respectively.  Collectively, the Senior Lender, Fountain View VPL, LLC and Parkway I & II VPL, LLC shall be referred to herein as the "Senior Lenders."

expiration of the Feasibility Period or (ii) fifteen (15) days after the parties obtain Bankruptcy Court approval. In addition, the Sale Contract requires that the Proposed Sale be approved by the Bankruptcy Court within sixty (60) days after the effective date of the Sale Contract.

### IV.    BASIS FOR RELIEF

9.    NW Spectrum respectfully requests that this Court approve the Sale Contract and authorize it to sell the Undeveloped Property free and clear of liens, claims, and interests, pursuant to section 363 of the Bankruptcy Code because approval of the Sale Contract will provide a substantial benefit to NW Spectrum, its estate, and its creditors. In addition, NW Spectrum requests that the Court authorize NW Spectrum to pay property taxes and customary closing costs, including broker and attorneys' fees,[6] at closing. Approval of the Sale Contract will provide NW Spectrum with $2,348,000.00 in cash and will take advantage of the currently favorable Houston real estate market.

10.    Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In order to approve the use, lease, or sale of property outside the ordinary course of business, the Court need only determine that the debtor's decision is supported by "some articulated business justification," as established by the Second Circuit in *Committee of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1071 (2nd Cir. 1983). The debtor in possession satisfies its fiduciary duty to the debtor, creditors, and equity holders if there is some articulated business justification for using, selling, or leasing the property outside the ordinary course of business. *Institutional Creditors of Continental Airlines, Inc. v. Continental Airlines Inc.* (*In re Continental Airlines Inc.*), 780 F.2d 1223, 1226 (5th Cir.

---

[6] The Debtors filed an Application to Employ Moody Law Group as Special Real Estate Counsel on February 28, 2014 [Docket No. 71] and NW Spectrum will soon be filing a Motion to Employ NAI Houston as its Real Estate Broker.

1986); *In re ASARCO LLC*, 650 F.3d 593, 601 (5th Cir. 2011). In determining whether the debtor's business justification is sufficient, the court should "consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors, and equity holders alike." *Id*. (quoting *In re Lionel*, 722 F.2d at 1071).

11. NW Spectrum, in its business judgment, believes that the Proposed Sale of the Undeveloped Property is in the best interest of its estate and creditors. NW Spectrum has been marketing the Undeveloped Property since October 17, 2013 with a broker, Investment Brokerage LP d/b/a NAI Houston ("Broker"). The Sale Contract was negotiated in good faith and at arms-length between the Purchaser and NW Spectrum's proposed special real estate counsel, Moody Law Group. As the Senior Lenders recognize, the current Houston real estate market is very favorable; thus, it is in the best interest of NW Spectrum to sell the Undeveloped Property for the best and highest offer. *See* Exclusivity Motion, ¶ 3. Based on the current real estate market, NW Spectrum's marketing efforts through its Broker, and the proposed Purchase Price, NW Spectrum believes the Sale Contract is in the best interest of the estate and its creditors.

12. As discussed *supra* and as described more fully in the Sale Contract, NW Spectrum is obligated to pay certain customary closing costs in connection with the Proposed Sale. NW Spectrum will also be obligated to pay certain professional fees in connection with the Proposed Sale. NW Spectrum respectfully requests the Court authorize it to pay, out of the Purchase Price, customary closing costs (including Broker and Special Real Estate Counsel fees) and any property taxes currently due and owing on the Undeveloped Land (such remaining amount the "Net Proceeds").

**V.     PROPOSED SALE FREE & CLEAR OF LIENS, CLAIMS, AND INTERESTS**

13.     NW Spectrum respectfully requests that the Court grant it authority to sell the Undeveloped Property free and clear of all liens, claims, and interests pursuant to Bankruptcy Code section 363(f). Bankruptcy Code section 363(f) provides that a debtor may sell its assets free and clear of liens, claims, interests, and encumbrances if:

(a)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(b)     such entity consents;

(c)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(d)     such interest is in bona fide dispute; or

(e)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). This provision is supplemented by section 105(a), which provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

14.     Section 363(f) is drafted in the disjunctive; therefore, satisfaction of any one its five requirements will suffice to permit the sale of assets free and clear of any liens, claims, interests and encumbrances. *In re Wolverine Radio Co.*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991); *In re Dundee Equity Corp.*, 1992 Bankr. LEXIS 436, *12 (Bankr. S.D.N.Y. March 6, 1991). The Proposed Sale of the Undeveloped Land will be subject to any statutory tax liens held by Harris County and/or Cypress-Fairfield ISD that have not been satisfied at the time of the sale. In addition, the Senior Lender recently filed its Exclusivity Motion, seeking to terminate exclusivity in order to quickly sell the Debtors' properties; as such, we presume the Senior Lender consents to the Proposed Sale of the Undeveloped Land and section 363(f)(b) is satisfied.

Further, the Senior Lender's interest in the Undeveloped Land will be protected because its lien will attach to the Net Proceeds of the sale. Therefore, the Court should grant NW Spectrum authority to sell the Undeveloped Property free and clear of all liens, claims, interests, and encumbrances.

## VI.   NOTICE

15.   Notice of this Motion has been given to (i) the United States Trustee for the Southern District of Texas; (ii) the Internal Revenue Service; (iii) the taxing authority of Harris County; (iv) NW Spectrum's secured and unsecured creditors; and (v) all parties who have filed a notice of appearance in this case. NW Spectrum submits that no further notice is required.

## VII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, NW Spectrum respectfully requests that the Court (i) approve the proposed Sale Contract attached hereto as Exhibit "A;" (ii) enter an order authorizing NW Spectrum to sell the Undeveloped Property pursuant to the Sale Contract free and clear of all liens, claims, and interests; and (iii) grant NW Spectrum such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By:   /s/ William A. (Trey) Wood, III
William A. Wood, III
Texas Bar No. 21916050
Trey.Wood@bgllp.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile:  (713) 221-1212

Lauren C. Kessler
Texas Bar No. 74024528
Lauren.Kessler@bgllp.com
1445 Ross Ave., Suite 3800
Dallas, Texas 75202
Telephone:  (214) 468-3800
Facsimile:   (214) 468-3888

**ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2014, a true and correct copy of the above and foregoing instrument has been served (i) electronically on the parties registered to receive notice through the court's ECF noticing system; and (ii) on the parties listed in the attached Service List by regular U.S. First Class Mail.

*/s/ Lauren C. Kessler*
Lauren C. Kessler