IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| ASR-8 CENTRE LP, *et al*.[1] | § | Case No. 14-30174 |
| | § | |
| DEBTORS. | § | (*Jointly Administered*) |

**EMERGENCY MOTION TO (I) APPROVE REAL ESTATE CONTRACT;
(II) FOR AUTHORITY TO SELL REAL PROPERTY FREE AND
CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363;
AND (III) FOR AUTHORITY TO PAY CUSTOMARY CLOSING COSTS**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

ASR-Fountainview Place LP ("Fountainview") hereby files this Motion to (I) Approve

Real Estate Contract; (II) For Authority to Sell Real Property Free and Clear of Liens, Claims,

---

[1] The Debtors in these chapter 11 cases are: (1) ASR-8 Centre LP; (2) ASR-Fountainview Place LP; and (3) ASR-Parkway One & Two, LP.

1

#4504758.1

and Interests Pursuant to § 363; and (III) for Authority to Pay Customary Closing Costs ("Motion") and moves for an order approving Fountainview's proposed sale of a large portion of its real property in accordance with the purchase and sale agreement attached hereto as Exhibit A (the "PSA") by and between Fountainview and Houston Housing Authority (the "Purchaser") and authorizing Fountainview to pay customary closing costs, including certain professional fees, in connection with the proposed sale. In support of this Motion, Fountainview states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## II. BACKGROUND

2. On January 6, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their property as a debtors in possession. No trustee or examiner has been appointed in this case.

3. The Court entered an Order Granting the Debtors' Motion for Joint Administration on January 8, 2014. [Docket No. 15].

4. On March 3, 2014, NW Spectrum VPL LLC, Fountain View VPL LLC and Parkway I & II VPL, LLC (each a "Senior Lender" and collectively the "Senior Lenders") filed their Motion for an Order Terminating the Exclusive Periods During Which Only the Debtors

May File a Chapter 11 Plan and Solicit Acceptances Thereof ("Exclusivity Motion"). [Docket No. 74].

### III. PROPOSED PROPERTY AND TERMS OF SALE

5. Fountainview owns two commercial office buildings and land located at 2640 and 2650 Fountain View, Houston, Texas 77057 ("Property").

6. The Property is encumbered by two liens held by Fountain View VPL, LLC ("Senior Lender"). As of the Petition Date, Fountainview owed obligations to the Senior Lender in the amount of $12,750,000 and $1,700,000.

7. In addition, the Property is encumbered by a junior lien held by Hartside Holdings LLC ("Junior Lender") in the amount of approximately $654,614.53. Harris County, et al filed a proof of claim asserting a secured claim in the amount of $957,793.55 for ad valorem taxes.[2] [Proof of Claim No. 2]. The Property may also be subject to certain mechanics' liens ("Lienholders").[3]

8. Fountainview has received an offer from the Purchaser to purchase the Property ("Proposed Sale"). Pursuant to the PSA, the purchase price for the Property is $17,350,000.00 ("Purchase Price"). In addition, the PSA provides that upon execution and delivery of the PSA, the Purchaser will deposit $100,000.00 as earnest money with Charter Title Company as escrow agent, which will be credited to the Purchase Price upon closing of the Proposed Sale. The PSA provides for a "Contingency Period," which commences after the Court's approval of the Proposed Sale and continues for sixty (60) days. During the Contingency Period, the Purchaser may inspect the Property and secure approval of the Purchaser's board of commissioners.

---

[2] Fountainview reserves all rights with respect to this asserted claim. Based upon the supporting documents attached to the proof of claim, only $293,001.05 is on account of the Property.
[3] Fountainview included mechanics liens held by Craven Carpet Inc. and Emcor Gowan, Inc. for the total combined amount of $21,851.15 in its First Amended Schedule D; however, the amounts of these claims are listed as disputed.

3

#4504758.1

9. Under the PSA, Fountainview shall use commercially reasonably efforts to obtain Bankruptcy Court's approval of the Proposed Sale. If Fountainview does not obtain Bankruptcy Court approval within sixty (60) days after the March 13, 2014 (the Effective Date of the PSA), the Purchaser shall terminate the PSA. The Proposed Sale is expected to close within thirty (30) days after the expiration of the Contingency Period.

## IV.  BASIS FOR RELIEF

10. Fountainview respectfully requests that this Court approve the PSA and authorize it to sell the Property free and clear of liens, claims, and interests, pursuant to section 363 of the Bankruptcy Code because approval of the PSA will provide a substantial benefit to Fountainview, its estate, and its creditors. In addition, Fountainview requests that the Court authorize it to pay property taxes and customary closing costs, including special real estate counsel's fees, at closing. Approval of the PSA will provide Fountainview with $17,350,000 in cash and will take advantage of the currently favorable Houston real estate market.

11. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In order to approve the use, lease, or sale of property outside the ordinary course of business, the Court need only determine that the debtor's decision is supported by "some articulated business justification," as established by the Second Circuit in *Committee of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1071 (2nd Cir. 1983). The debtor in possession satisfies its fiduciary duty to the debtor, creditors, and equity holders if there is some articulated business justification for using, selling, or leasing the property outside the ordinary course of business. *Institutional Creditors of Continental Airlines, Inc. v. Continental Airlines Inc.* (*In re Continental Airlines Inc.*), 780 F.2d 1223, 1226 (5th Cir. 1986); *In re ASARCO LLC*, 650 F.3d 593, 601 (5th Cir. 2011). In determining whether the

debtor's business justification is sufficient, the court should "consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors, and equity holders alike." *Id*. (quoting *In re Lionel*, 722 F.2d at 1071).

12. Fountainview, in its business judgment, believes that the Proposed Sale of the Property is in the best interest of its estate and creditors. Fountainview has been marketing the Property for approximately one year. The PSA was negotiated in good faith and at arms-length between the Purchaser and Fountainview's special real estate counsel, Moody Law Group. As the Senior Lenders recognize, the current Houston real estate market is very favorable; thus, it is in the best interest of Fountainview to sell the Property for the best and highest offer. *See* Exclusivity Motion, ¶ 3. Notably, the Purchase Price is sufficient to pay all of Fountainview's creditors in full. Based on the current real estate market, Fountainview's marketing efforts, and the proposed Purchase Price, Fountainview believes the PSA is in the best interest of the estate and its creditors.

13. As discussed *supra* and as described more fully in the PSA, Fountainview is obligated to pay certain customary closing costs in connection with the Proposed Sale. Fountainview will also be obligated to pay certain professional fees in connection with the Proposed Sale. Fountainview respectfully requests the Court authorize it to pay, out of the Purchase Price, customary closing costs (including Special Real Estate Counsel fees) and any property taxes currently due and owing on the Property (such remaining amount the "<u>Net Proceeds</u>").

V. **<u>PROPOSED SALE FREE & CLEAR OF LIENS, CLAIMS, AND INTERESTS</u>**

14. Fountainview respectfully requests that the Court grant it authority to sell the Property free and clear of all liens, claims, and interests pursuant to Bankruptcy Code section

5

#4504758.1

363(f). Bankruptcy Code section 363(f) provides that a debtor may sell its assets free and clear of liens, claims, interests, and encumbrances if:

    (a)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    (b)    such entity consents;

    (c)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (d)    such interest is in bona fide dispute; or

    (e)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). This provision is supplemented by section 105(a), which provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

    15.    Section 363(f) is drafted in the disjunctive; therefore, satisfaction of any one its five requirements will suffice to permit the sale of assets free and clear of any liens, claims, interests and encumbrances. *In re Wolverine Radio Co.*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991); *In re Dundee Equity Corp.*, 1992 Bankr. LEXIS 436, *12 (Bankr. S.D.N.Y. March 6, 1991). The Proposed Sale of the Property will be subject to any statutory tax liens held by Harris County that have not been satisfied at the time of the sale. In addition, the Senior Lender recently filed its Exclusivity Motion, seeking to terminate exclusivity in order to quickly sell the Debtors' properties; as such, Fountainview presumes the Senior Lender consents to the Proposed Sale of the Property and section 363(f)(b) is satisfied. The interests of the Senior Lender, Junior Lender, and Lienholders in the Property will be protected because their liens will attach to the Net Proceeds of the sale. Further, the Purchase Price under the PSA exceeds the amount of liens

on the Property. Therefore, the Court should grant Fountainview authority to sell the Property free and clear of all liens, claims, interests, and encumbrances.

## VI.   NOTICE

16. Notice of this Motion has been given to (i) the United States Trustee for the Southern District of Texas; (ii) the Internal Revenue Service; (iii) the taxing authority of Harris County; (iv) Fountainview's secured and unsecured creditors; and (v) all parties who have filed a notice of appearance in this case. Fountainview submits that no further notice is required.

## VII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Fountainview respectfully requests that the Court (i) approve the proposed PSA attached hereto as Exhibit "A;" (ii) enter an order authorizing Fountainview to sell the Property pursuant to the PSA free and clear of all liens, claims, and interests; and (iii) grant Fountainview such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By:  /s/ William A. (Trey) Wood, III
William A. Wood, III
Texas Bar No. 21916050
Trey.Wood@bgllp.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile:  (713) 221-1212

#4504758.1

Lauren C. Kessler
Texas Bar No. 74024528
Lauren.Kessler@bgllp.com
1445 Ross Ave., Suite 3800
Dallas, Texas 75202
Telephone:  (214) 468-3800
Facsimile:   (214) 468-3888

**ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2014, a true and correct copy of the above and foregoing instrument has been served (i) electronically on the parties registered to receive notice through the court's ECF noticing system; and (ii) on the parties listed in the attached Service List by regular U.S. First Class Mail.

*/s/ Lauren C. Kessler*
Lauren C. Kessler